### 11888

### STATE v. SMITH *ET AL.*

#### (130 S. E., 884)

CRIMINAL LAW—EVIDENCE THAT DEFENDANT'S FOOT MEASUREMENTS WERE IDENTICAL WITH TRACKS HELD ADMISSIBLE, BUT EVIDENCE OF COMPARISON WITH TRACKS MADE COMPULSORY INADMISSIBLE.—In prosecution under Cr. Code 1922, § 17, for presenting or pointing at another person a firearm, testimony of sheriff to effect that he had measured two lines of track in a plowed field leading to and from house of one of defendants and to and from the house of prosecutor, and that subsequently he had measured feet of defendant, and that

measurements were identical, *held* properly admitted, though evidence that tracks which defendant was compelled to make after arrest measured same as tracks in plowed field, was inadmissible.

Before JOHNSON, J., Colleton, Summer Term, 1924. Affirmed.

Joe Smith and Shine Washington were convicted of pointing firearms and they appeal.

*Mr. Heber R. Padgett,* for appellant, cites: *Evidence improper:* 124 S. E., 81.

*Mr. Randolph Murdaugh, Solicitor,* for the State cites: 124 S. E., 81; 35 A. L. R., 1236.

December 22, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The defendants were indicted and convicted of a violation of Section 17 of the Criminal Code, which makes it a misdemeanor to "present or point at any other person any loaded or unloaded firearm." Sentence: One year's imprisonment. Defendants appeal.

While there are two exceptions, there is but one question involved (and that is conceded in the printed argument of the defendants' counsel); namely, alleged error in admitting in evidence the testimony of the Sheriff to the effect that he measured two lines of tracks in a plowed field, leading to and from the house of one of the defendants, to and from the house of the prosecutor; that he measured these tracks with sticks; that he subsequently measured the feet of the defendant with the stick or sticks; and that the measurements were identical.

It appears that the Sheriff first discovered the two lines of tracks in the plowed field and measured them with sticks. He then arrested one of the defendants and put him, handcuffed, in an automobile. At the command of the Sheriff, the defendant got out of the automobile and made a track in the ground. Upon the trial, the Sheriff was asked as to

the correspondence of the track thus made with the tracks in the plowed field which he had measured. Upon objection by counsel for the defendants, this testimony was excluded by the Circuit Judge. The testimony after that was directed to the comparison between the measurements of the feet of the defendants with the two lines of tracks in the plowed field; not a comparison between the track at the automobile and the tracks in the field. This had been excluded by the Circuit Judge. As to the admissibility of this testimony there can be no doubt.

In the case of *State v. Griffin,* 129 S. C., 200; 124 S. E., 81; 35 A. L. R., 1227, there were, as here, two distinct matters of evidence considered. The Sheriff had compelled the defendant to remove her shoe, and proposed to state the comparison between the shoe and the tracks in the garden which he had found; he also compelled the defendant to put her foot in one of these tracks, and proposed to state the comparison thus presented. The Court held, after the citation of numerous decisions, that the testimony first referred to was admissible, and that the second was not. A reference to that case will make clear the distinction; a repetition here is unnecessary.

The *Griffin Case* is conclusive of the question raised upon this appeal. Certainly, if the comparison of the defendant's shoe, forcibly removed, with the disputed tracks, would be admissible, a comparison of the measurement of the defendant's foot, even forcibly made, with the disputed tracks, would be also.

The Circuit Judge very clearly caught the distinction made in the *Griffin Case* and properly applied that case to the one at bar.

The judgment is affirmed.

MR. JUSTICE MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS dissent.